IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VICTOR CORNELL HUNTER, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-342-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Victor Cornell Hunter, TDCJ-ID #662033, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. PROCEDURAL HISTORY

Hunter is currently serving two 20-year and a fifteen-year concurrent sentences from Tarrant and Dallas Counties. (Resp't Answer, Exhibits A, B & D) In January 2001, Hunter was released on mandatory supervision. His mandatory supervision was revoked on March 9, 2004, due to violations of the conditions of his release. (*Id.*, Exhibit C.) Upon revocation, TDCJ denied Hunter credit for time he spent on release–i.e., street time. (*Id.*) Hunter pursued time credit dispute resolution through TDCJ's administrative process, to no avail. (*Id.*) He filed a state habeas application on March 9, 2006, complaining, as he does now, that TDCJ's denial of 2 years, 9 months, and 17 days of street time violates his constitutions rights and renders his guilty pleas involuntary. (Pet'r Memorandum Brief at 1.) *Ex parte Hunter*, Application No. WR-64,346-01. On April 12, 2006, the Texas Court of Criminal Appeals denied his state habeas application without written order. *Id.* at cover. Hunter filed this federal petition on May 12, 2006.[1]

D. RULE 5 STATEMENT

Quarterman does not address the issue of exhaustion and, instead, asserts that Hunter's petition should be dismissed with prejudice as barred by the statute of limitations or, in the alternative, denied on the merits. (Resp't Answer at 3-13.)

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[1] A prisoner's pro se habeas petition is deemed filed when it is handed over to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period begins to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims.  *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication); *Biggins v. Dretke*, No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug. 24, 2004) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th

3

Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Presumably, Hunter knew, or could have discovered through due diligence, on the date his mandatory supervision was revoked, or shortly thereafter, that he was not entitled to and/or would not be credited for street time. In fact, at the time he was released, his "Certificate of Mandatory Supervision" notified him in bold-faced type that revocation of his mandatory supervision would forfeit time served on parole. (Resp't Answer, Exhibit E.) Thus, Hunter knew or should have known when he was released on mandatory supervision that he would forfeit his street time if his mandatory supervision was revoked. Accordingly, the statute of limitations began on Hunter's claims on March 9, 2004, the date his mandatory supervision was revoked, and closed one year later on March 9, 2005, subject to any applicable tolling.

The record reflects that following revocation of his mandatory supervision Hunter requested administrative review of his time credits through the prison's time credit dispute resolution process on October 14, 2004, November 3, 2004, and June 10, 2005. (Resp't Answer, Exhibit D) *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). On May 11, 2005, June 15, 2005, and March 1, 2006, TDCJ notified Hunter in writing that there was no error in his time calculations. Hunter's administrative proceedings were pending a total of 503 days. Quarterman contends that the statutory tolling provision does not provide for tolling during the pendency of the administrative dispute resolution proceedings. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).[2] However, this

---

[2]Section 501.0081 of the Texas Government Code provides:

(a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(continued...)

4

Court has held that the pendency of a prison grievance procedure such as the one involved here, which is mandated by § 501.0081 of the Texas Government Code, tolls the running of the statute of limitations. *See Foley v. Cockrell*, 222 F. Supp. 2d 826, 829 (N.D. Tex. 2002); *Broadnax v. Cockrell*, No. 04:03-CV-524-A, 2003 WL 22244681, at *3 (N.D. Tex. Sept. 17, 2003); *see also Kimbrell*, 311 F.3d at 364 (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief). Thus, Hunter is entitled to have that period tolled under the statute. Hunter is also entitled to tolling during the pendency of his state writ application, or an additional 34 days. 28 U.S.C. § 2244(d)(2). Accordingly, his federal petition was due on or before August 28, 2006. His petition, filed on May 12, 2006, was therefore timely.

---

[2](...continued)
   (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

   (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

   (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges time-served credit error.

   (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

F. DISCUSSION

Hunter argues that TDCJ's denial of street time credits violates various constitutional rights. To be entitled to federal habeas relief, a state prisoner must claim violation of a federal constitutional right. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Time credit is not a vested right, but rather a privilege established by the Texas legislature that may be forfeited. *See Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983). Accordingly, Texas statutory law allowing TDCJ to disregard the time a prisoner spends on mandatory supervision does not raise a federal constitutional concern. *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997); *Campos v. Johnson*, 958 F. Supp. 1180, 1192 (N.D.Tex. 1997); *Hill v. Cockrell*, No. 3:02-CV-0419-L, 2002 WL 1268020, at *2 (N.D.Tex. May 30, 2002); *Leos v. Cockrell*, No. 3:00-CV-2343-P, 2002 WL 318338, at *4 (N.D. Tex. Feb. 26, 2002); *Jackson v. Johnson*, No. 3:01-CV-1553-D, 2001 WL 1478789, at *3 (N.D. Tex. Nov. 16, 2001).

Nor does denial of his street time credits render his guilty pleas involuntary or violate his plea agreements with the state. Any failure of defense counsel, the state prosecutor, or the trial court to warn Hunter of a mere possibility that he could lose and/or not receive credits for street time, contingent upon a number of variables, does not render his plea unknowing or involuntary. Texas statutory law allows TDCJ to disregard the time a prisoner spends on mandatory supervision if the prisoner violates the terms of that release. *See* TEX. GOV'T CODE ANN. § 508.283(b). Such forfeiture does not unlawfully lengthen or prolong his sentence beyond the original term imposed

by the trial court, even though his maximum sentence discharge date may have been extended due to the forfeiture, or cause him to serve his sentences in installments. *See Thompson*, 263 F.3d at 426-28; *Sanchez v. Cockrell*, No. 4:00-CV-1803-Y, 2001 WL 1297677, at *3 (N.D.Tex. Oct.11, 2001); *Reynolds v. Johnson*, No. 4:00-CV-391-Y, 2001 WL 180165, at *3 (N.D.Tex. Feb.20, 2001), *adopted*, 2001 WL 215945 (N.D.Tex. Mar.2, 2001); *Ex parte Kuester*, 21 S.W.3d 264, 273 (Tex. Crim. App. 2000).[3]

## II. RECOMMENDATION

Hunter's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

---

[3] In Hunter's memorandum brief, he also alleges that he was not given counsel to advise him of the ramifications of signing his parole certificate. In Texas, only inmates released from incarceration on parole are required, as a precondition of release, to accept, sign, and execute a contract as a precondition to release. *See* TEX. GOV'T CODE ANN. § 508.154 (Vernon 2004). As is required by state law, before his release Hunter was provided with a "Certificate of Mandatory Supervision." (Resp't Answer, Exhibit E.) The purpose of the document is to advise the releasee of the general terms and conditions of his release and any special conditions, and advise him that he must abide by all the rules and conditions of his release or suffer revocation of his mandatory supervision release. (Resp't Answer at Ex. B.) *See Godaire v. Cockrell*, No. 4:00-CV-1912-A, 2001 WL 1408387, at *2 n.8 (N.D. Tex. Nov. 8, 2001). Thus, Hunter was not required to sign any contract before release on mandatory supervision.

and recommendation until October 4, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 4, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 14, 2006.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE