IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

VICTOR CORNELL HUNTER, §
§
Petitioner, §
§
VS. § NO. 4:06-CV-342-A
§
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutional Division, §
§
Respondent. §

O R D E R

Came on for consideration the above-captioned action wherein Victor Cornell Hunter ("Hunter") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On September 14, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by October 4, 2006. Hunter and Director each timely filed written objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo

determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

I.

Background

Hunter filed the original petition in this action on May 18, 2006, pursuant to 28 U.S.C. § 2254. The petition alleged that the state's application of Texas Government Code §§ 508.283 and 508.149 to his case was in violation of the United States Constitution. According to Hunter, "[t]he Texas Legislature...illegally empowered the TDCJ...to extend the length of [his] punishment beyond the term imposed by the Court" by not giving him "street time credit" following the revocation of his parole. Plaintiff's Pet. at 1-2. On August 21, 2006, Director filed his answer and maintained that Hunter's petition was not only time-barred pursuant to 28 U.S.C. § 2244(d)(1), but also is without merit as it failed to allege a deprivation of a right secured by the United States Constitution or federal law. On September 5th, 2006, Hunter filed a "Response" in which he


generally denied the merit of Director's answer and the arguments contained therein.

The magistrate judge, in his proposed order issued September 14, 2006, concluded that: (1) Hunter's petition was not barred by the limitations period because tolling applied and it was therefore timely filed; and (2) based on its merits, Hunter's petition should be denied because denial of his street time credits did not violate his plea agreements with the state, render his guilty pleas involuntary, or violate any other constitutional right.

II.

Objections

A. Hunter's Objections.

Hunter filed his objections on September 28, 2006, in which he makes two specific challenges to the findings of the magistrate judge.

First, Hunter argues, somewhat incoherently, that the magistrate judge erred in analyzing the timeliness of his petition.[1]

[1] Because Hunter does not disagree with the magistrate judge's recommendation on the statute of limitations issue, the court is not devoting further attention to this argument.

Second, Hunter objects to the finding that the denial of his street time credit was not in violation of the United States Constitution. Hunter maintains, rather, that such a denial constitutes a violation of several of his constitutional rights.[2] Further, Hunter complains that the magistrate judge focused on Texas laws while failing to address several other issues Hunter raised in his petition.[3]

B. Director's Objections.

On October 4, 2006, Director filed "Objections to the Report and Recommendation of the United States Magistrate Judge" ("Dir's Objections"). Director disputes the magistrate judge's conclusion that Hunter's petition was not time-barred. Specifically, Director objects to the finding that tolling of the statute of limitations period was proper pending the prison's administrative review of Hunter's time credits. Although Director acknowledges that the Fifth Circuit has considered tolling during a prison grievance procedure, he maintains that

[2] Hunter alleges "a violation of the 8th Amendment to the United States Constitutions [sic] ban on Cruel and Unusual Punishment Clause and the 14th Amendments [sic] Equal Protection Clause, as well as the 5th and 14th Amendments [sic] Due Process of Law Clauses." Hunter's Objections at 2.

[3] According to Hunter, the magistrate judge "failed to address the issues of (1) 8th Amendment violation; (2) Constitutional Ban on Bills of Attainders [sic]; (3) Violation of Seperation [sic] of Powers Doctrine; (4) The 5th Amendment U.S. Constitutions [sic] violation of Jeopardy and Multiple Punishment . . . ." Id. at 2.

"it has done so only in dicta and it has not yet been applied to the time-credit-resolution process in a Fifth Circuit case." Dir's Objections at 2-3 (citing Kimbrell v. Cockerell, 311 F.3d 361, 364 (5th Cir. 2002)).

III.

Analysis

A. Statute of limitations.

In concluding that Hunter's action was not time-barred, the magistrate judge relied upon 28 U.S.C. § 2244(d)(1)(D), which, in turn, provides that the applicable one-year statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, applying the statute literally, Hunter's petition would have been untimely filed after March 9, 2006.[4] However, here, Hunter's claim was subject to a prison grievance procedure[5], thus, the

---

[4] At the time Hunter was released on mandatory supervision, he received a certificate informing him that he would forfeit any "street time credit" if such supervision was revoked. Accordingly, Hunter knew, or could have discovered through due diligence, the facts needed to file his petition on the date his mandatory supervision was revoked. Thus, the limitations period on Hunter's petition began to run on that day, March 9, 2005.

[5] Prior to filing his petition, Hunter requested administrative review of his claim through the prison's time credit dispute resolution process. Such a request is mandatory prior to filing a writ of habeas corpus related to time-served credit errors. See Tex. Gov. Code Ann. § 501.0081 (Vernon 2004).

magistrate judge found it proper to toll the running of the limitations period pending such a proceeding. Director argues that such tolling should not apply because it is not provided for by § 501.0081 of the Texas Government Code[6].

Although the facts differ from those in the instant case, the Fifth Circuit's opinion in Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002), is instructive. In Kimbrell, the plaintiff sought to have the limitations period for his habeas petition tolled pending his filing of a claim under the prison's grievance procedure. Because Kimbrell did not timely file his grievance procedure claim, the limitations period for his habeas petition could not be tolled. However, the court observed that, in general, "the timely pendency of prison grievance procedures [toll] the one-year period" for filing habeas petitions. Id. at 364. The court agrees with the Fifth Circuit's observation.[7] It would make no sense to require an inmate to use the prison's administrative procedures, but refuse to toll the limitations

---

[6] § 501.0081 of the Texas Government Code governs the prison grievance procedure at issue in this case and does not specifically provide for tolling of any limitations period pending the procedure.

[7] District court opinions that have considered the dicta in Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002) authoritative are: Kemple v. Director, Texas Department of Criminal Justice-CID, No. 06:04-CV-472, 2005 WL 2137745, at *1 (E.D. Tex. Sept. 2, 2005); Heath v. Dretke, No. 3:03-CV-0081, 2005 WL 1017824 (N.D. Tex. April 27, 2005) (same); Franklin v. Cockrell, No. 2:00-CV-0161, 2003 WL 21283355 (N.D. Tex. May 29, 2003) (same).

period on a habeas petition for the same claim. This could force some inmates to prepare a habeas petition for a claim that may be [and hopefully would be] reconciled under the prison's own grievance procedure.

The court approves the magistrate judge's finding that Hunter's petition was entitled to a tolling of the limitations period pending his claim in the prison's dispute resolution proceeding. Thus, the court concludes that Hunter's petition is not time-barred.

B. Merits of Hunter's Petition.

To be entitled to habeas relief, a prisoner must allege the violation of a constitutional right. See, e.g., Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985) (citation omitted). As the Supreme Court put it: "There is no constitutional or inherent right of a convicted person to be ...released before the expiration of a valid sentence." Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 4 (1978). Time credit is not a vested right, but rather a privilege established by the Texas legislature that may be forfeited. See Ex Parte Henderson, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983). Consequently, Texas statutes allowing prison directors to disregard the time a prisoner spends on mandatory supervision do

not violate any provisions of the United States Constitution. See Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001); Morrison v. Johnson, 106 F.3d 127, 129 n.1 (5th Cir. 1997).

In considering the merits of Hunter's petition, the magistrate judge found that it failed to show any violation of federal law and should therefore be dismissed. In his filed objections, Hunter maintains that various constitutional violations occurred when Director denied his street time credit. However, in applying the case law noted above, the court concurs with and adopts the magistrate judge's finding that Hunter is not entitled to habeas relief because his claim does not entail a violation of a constitutional right.

Therefore,

To the extent stated above, the court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED October 10, 2006.

JOHN McBRYDE
United States District Judge